UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN ADMIRALTY

CASE NO. _____

AIG PROPERTY CASUALTY COMPANY,
as subrogee of Jeffrey Mc Millin,

Plaintiffs,

-v-

ECO MARINE SOLUTIONS, LLC, a Florida Limited Liability Company, and CUSTOM ELECTRICAL, INC., a Florida Corporation,

Defendants.
_____/

COMPLAINT

Plaintiff, AIG Property Casualty Company ("AIG"), as subrogee of Jeffrey Mc Millin ("McMillin"), sues Defendants, Eco Marine Solutions, Inc. ("Eco Marine") and Custom Electrical, Inc. ("Custom Electrical"), and alleges:

1. AIG is an insurance company incorporated in and under the laws of the State of Pennsylvania. At all material times, AIG has maintained its principal place of business in the State of New York.

2. Eco Marine is a limited liability company registered in the State of Florida, with its principal place of business in Placida, Florida. Its Managing Members are identified as Mitchell Smith and Christopher J. Larson, both of whom are citizens and residents of the State of Florida.

3. Custom Electrical is a Florida Corporation with its principal place of business in Englewood, Florida.

4. This is an admiralty and maritime claim for damages to a pleasure yacht arising out of breach of a maritime service or repair contract, breach of the warranty of workmanlike performance, negligence, and breach of a statutory duty. This Court has jurisdiction pursuant to 28 U.S.C.A. §1333. Alternatively, some of Plaintiff's causes of action are also within this Court's supplemental jurisdiction pursuant to 28 U.S.C.A. §1367(a). Also, this in action for damages in excess of $75,000.00, exclusive on interests and costs. This Court also retains diversity jurisdiction pursuant to 28 U.S.C.A. §1332.

5. At all material times, AIG has been engaged in business, in part, insuring marine risks such as recreational pleasure vessels. At all material times, AIG's insured, Jeffrey McMillin, has owned the Motor Vessel WHALEBONE ("Vessel"), a 2021 46' Viking Yacht with Hull Identification Number VKY46311B121.

6. On or about February 10, 2020, McMillin purchased Vessel from Galati Yacht Sales. Thereafter, AIG insured McMillin and Vessel pursuant to the terms and conditions of Policy No. PM 1 660-53-71.

7. On or about February 17, 2023, Vessel was lying afloat on a navigable waterway behind McMillin's residence located at 4120 Snail Island Court, Boca Grande (Gasparilla Island),

FL. A fire started on the stern of the Vessel, which was closest to the shore side power pedestal on the dock.

8. Firefighting units were called and put out the fire.

9. At the time of the fire, electricity was flowing to Vessel from the shore side electrical pedestal.

10. Prior to the fire, on or about May 29, 2020, McMillin and Eco Marine entered into a contract, referencing an attached Estimate #981-244 05/21/20, wherein Eco Marine agreed as follows:

> REMOVE & DISPOSE OF EXISTING 1,060 SQ. FE, DOCK PILINGS &SOUTH BOAT LIFT – INSTALLATION OF NEW 1,060 SQ. FT. (8' PILINGS) DOCK w/AZEK COMPOSITE DECKING (VIKING MOORING PILES 10") – REMOVE & REINSTALL 2 MOORING PILES – ELECTRICAL ALLOWANCE – LEE COUNTY PERMIT - *ALL ENGINEERING FEDERAL & STATE PERMITS WILL BE OBTAINED BY TURRELL HALL & ASSOCIATES AND BILLED IN ADDITION AS REQUIRED*.

This work was to be performed behind the residence located at 4120 Snail Island CT, Boca Grande, FL 33921.

11. Estimate #981-244 05/21/20, referred to in above Contract, in part provides:

| Item | Description | Total |
|---|---|---|
| Electrical | Electrical & Plumbing Allowance $10,450 if not met refunded if exceeds Allowance additional billed in final invoice, to include replacing the electrical from shore to end of dock. Includes 20 LED pagoda aluminum 3 tier white powered coated lights, a 50 amp service, 4 gfic outlets, reconnection of two boat lifts, replacement of all dock PVC plumbing, hose bibs and will include white piles caps to match lights | 10,450.00 |

**MEJER LAW, P.A.**

Sun Trust Plaza –201 Alhambra Circle-Suite 504 , Coral Gables, FL 33134
Telephone 305-444-3355 Telefax 305-442-4300
PAGE 3

12.     Contract also provided that "[Eco Marine] shall perform all labor, furnish all materials and services necessary to complete the Project on the estimate description, and do so in the most workmanlike and substantial manner".

13.     Additionally, Eco Marine agreed to "build and erect the improvements described in the approved plans and specifications (the "Plans and Specifications") and in accordance with all local codes, laws, ordinances and regulations, …."

14.     Attached hereto as Exhibit "A" is a true and correct copy of Contract together with Estimate.

15.     On May 17, 2021, Lee County issued Dock Permit Number DSH2020-00793 ("Dock Permit") for the work to be performed under Contract. Under "General Information", Dock Permit indicates that the applicable building code is: "Current Florida Building Code: Florida Building Code 6th Edition 2017)". Attached hereto as Exhibit "B" is a true and correct copy of Dock Permit Number DSH2020-00793.

16.     The Florida Building Code 6th Edition (2017) adopts the 2014 Edition of National Fire Protection Agency 70, "National Electrical Code." The 2017 Florida Building Code and 2014 National Electrical Code are in effect for the construction of the new dock with its electricals. The 2014 National Electrical Code requires:

> GROUND-FAULT PROTECTION
> The main overcurrent protective device that feeds the marina shall have ground fault protection not exceeding 100mA.

17.     The 50-amp shore power receptacle Vessel was plugged into at the time of the fire was protected by a Square D HOM 50-amp 2-pole circuit breaker installed in the Dock Electrical

Sub Panel located near the entrance of the dock. In violation of Florida's Building Code, the circuit breaker did not provide ground fault protection to the shore power receptacle Vessel was plugged into at the time of the fire.

18. All of the circuit breakers on the Dock Electrical Sub Panel were installed as new when the Sub Panel was installed, but the circuit breaker that controlled Vessel's shore power electricity was not compliant with the South Florida Building Code.

19. A Code compliant installation of the proper circuit breakers would have limited leakage current on Vessel's shore power cord, which would have prevented the fire.

20. After the fire destroyed most of Vessel, it was ascertained that there was electrical arcing on the shore power cord. Had the circuit breaker housed in the Dockside Electrical Sub Panel been Code compliant, the fire would not have occurred.

21. McMillin presented to AIG a claim for damages.  Vessel was declared a constructive total loss and AIG paid McMillin the amount of $1,800,000.00. In addition, AIG paid Sea Tow the amount of $49,227.00. In total, AIG has paid $1,849,227.00 and has become subrogated to all the rights and interests of McMillin.

22. AIG and McMillin have complied with all conditions precedent to be performed.

## COUNT I
### (Breach of Contract by Eco Marine)

AIG reiterates and realleges paragraphs 1 through 22, above, and states:

23. Eco Marine breached Contract by failing to build and erect the dock and electrical system in compliance "with all local codes, laws, ordinances and regulations".

**MEJER LAW, P.A.**

Sun Trust Plaza –201 Alhambra Circle–Suite 504 , Coral Gables, FL 33134
Telephone 305-444-3355 Telefax 305-442-4300
PAGE 5

24.  As a direct and proximate result of Eco Marine's breach of contract, AIG, as subrogee, has suffered damages.

WHEREFORE, Plaintiff, AIG Property Casualty Company, respectfully requests this Court to enter judgment for damages in its favor and as against Defendant, Eco Marine Solutions, LLC, in the amount of $1,849,227.00 and such other damages as the Court determines AIG is entitled to, together with prejudgment interest and costs of Court.

## COUNT II
### (Breach of the Contractual Warranty of Workmanlike and Substantial Manner by Eco Marine)

AIG reiterates and realleges paragraphs 1 through 22, above, and states:

25.  Eco Marine breached Contract by failing to perform all labor, furnish materials and services to complete the Project "in the most workmanlike and substantial manner".

26.  As a direct and proximate result of this breach, AIG has suffered damages.

WHEREFORE, Plaintiff, AIG Property Casualty Company, respectfully requests this Court to enter judgment for damages in its favor and as against Defendant, Eco Marine Solutions, LLC, in the amount of $1,849,227.00 and such other damages as the Court determines AIG is entitled to, together with prejudgment interest and costs of Court.

## COUNT III
### (Breach of the Warranty of Workmanlike and Substantial Performance by Eco Marine)

AIG reiterates and realleges paragraphs 1 through 22, above, and states:

27.  Eco Marine Marine breached the implied warranty of workmanlike performance in connection with the services it performed by failing to perform the repairs in a skilled and

**MEJER LAW, P.A.**

Sun Trust Plaza –201 Alhambra Circle-Suite 504 , Coral Gables, FL 33134
Telephone 305-444-3355 Telefax 305-442-4300
PAGE 6

workmanlike manner as well as by failing to comply with "all local codes, laws, ordinances and regulations".

28.     As a result of Eco Marine's breach of the implied warranty of workmanlike performance, AIG, as subrogee, sustained damage.

WHEREFORE, Plaintiff, AIG Property Casualty Company, respectfully requests this Court to enter judgment for damages in its favor and as against Defendant, Eco Marine Solutions, LLC, in the amount of $1,849,227.00 and such other damages as the Court determines AIG is entitled to, together with prejudgment interest and costs of Court.

## COUNT IV
### (Violation of Fla. Stat. Ann. §553.84 by Eco Marine)

AIG reiterates and realleges its allegations contained in paragraphs 1 through 22, and further states:

29.     At the time of the fire, on or about February 17, 2023, the then current version of Fla. Stat. Ann. §553.84 provided:

> **Statutory civil action.**—Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation; however, if the person or party obtains the required building permits and any local government or public agency with authority to enforce the Florida Building Code approves the plans, if the construction project passes all required inspections under the code, and if there is no personal injury or damage to property other than the property that is the subject of the permits, plans, and inspections, this section does not apply unless the person or party knew or should have known that the violation existed.

30.     Eco Marine failed to comply with the Florida Building Code 6th Edition (2017) by installing a new Dock Electrical Sub Panel with new circuit breakers that did not contain ground fault protection.

31.     Eco Marine knew or should have known that a violation of Florida's Building Code existed.

32.     The 2017 Florida Building Code was enacted to protect a class of persons which included AIG's subrogor.

33.     The 2017 Florida Building Code is a public safety statute which thereby creates independent duties to the general public including AIG's subrogor.

34.     Eco Marine materially violated Fla. Stat. Ann. §553.84 by failing to comply with the 2017 Florida Building Code by installing non-code compliant circuit breakers, which directly resulted in the fire that destroyed Vessel.

35.     Eco Marine knew or should have known that the violation existed.

WHEREFORE, Plaintiff, AIG Property Casualty Company, respectfully requests this Court to enter judgment for damages in its favor and as against Defendant, Eco Marine Solutions, LLC, in the amount of $1,849,227.00 and such other damages as the Court determines AIG is entitled to, together with prejudgment interest and costs of Court.

### COUNT V
### (Violation of Fla. Stat. Ann. §553.84 by Custom Electrical)

AIG reiterates and realleges its allegations contained in paragraphs 1 through 22, 29, and 32 and further states:

36.     Eco Marine subcontracted the electrical work, which included installing Code compliant circuit breakers to Custom Electrical.  The latter violated Fla. Stat. §553.84 by failing to comply with the Code, causing the fire which engulfed Vessel.

37.     Custom Electrical failed to comply with the Florida Building Code 6th Edition (2017) by installing a new Dock Electrical Sub Panel with new circuit breakers that did not contain ground fault protection.

38.     Custom Electrical knew or should have known that a violation of Florida's Building Code existed.

39.     Custom Electrical knew or should have known that a violation of Florida's Building Code existed.

WHEREFORE, Plaintiff, AIG Property Casualty Company, respectfully requests this Court to enter judgment for damages in its favor and as against Defendant, Custom Electrical, Inc., in the amount of $1,849,227.00 and such other damages as the Court determines AIG is entitled to, together with prejudgment interest and costs of Court.

>    Mejer Law, P.A.
>    Attorneys for Plaintiff
>    201 Alhambra Circle, STE 504
>    Coral Gables, FL 33134
>    Tel: 305-444-3355
>    Fax 305-442-4300
>    Email: amejer@mejerlaw.com
>
>    By: /s/ *Alvaro L. Mejer*
>    ALVARO L. MEJER
>    FLORIDA BAR NO. 222623

**MEJER LAW, P.A.**

**Sun Trust Plaza –201 Alhambra Circle–Suite 504 , Coral Gables, FL 33134**
**Telephone 305-444-3355 Telefax 305-442-4300**
**PAGE 9**