UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AIG PROPERTY CASUALTY
COMPANY, as subrogee of Jeffrey
McMillin,

        Plaintiff,

v.                                        Case No.:   2:24-cv-722-SPC-NPM

ECO MARINE SOLUTIONS, LLC,
a Florida limited liability company,
and CUSTOM ELECTRICAL,
INC., a Florida corporation,

        Defendants.

## **OPINION AND ORDER**

Before the Court are Defendants Eco Marine Solutions LLC ("Eco Marine") and Custom Electrical, Inc.'s ("Custom Electrical" and jointly, "Defendants") respective Motions for Summary Judgment (Docs. 45, 47) as well as Plaintiff AIG Property Casualty Insurance Company's Motion for Partial Summary Judgment. (Doc. 46). For the below reasons, the Court grants Defendants' motions and denies Plaintiff's motion.

### **Material Facts**

This case concerns a fire that destroyed a yacht owned by Plaintiff's insured, Jeffrey McMillin. McMillin purchased the yacht in 2020. Thereafter, AIG insured McMillin and the yacht under an insurance contract. On May 29,

2020, McMillin entered into a dock construction contract with Eco Marine. Eco Marine agreed to install a new dock for McMillin, which involved plumbing and electrical work. The contract further provided that Eco Marine would construct the dock "in accordance with all local codes, laws, ordinances and regulations." (Doc. 45-1 at 2).

Pursuant to the contract, Eco Marine applied for a construction permit with Lee County on December 14, 2020. (Docs. 45-3 at 9, 45-4 at 4). As part of its application, Eco Marine requested an electrical permit. Lee County issued a permit application number for the project on December 16, 2020, and a dock permit to Eco Marine on May 17, 2021. Under the "General Information" section of the Dock Permit, the following language appears: "Current Florida Building Code: Florida Building Code Sixth Edition (2017)." (Doc. 45-10 at 2). The Florida Building Code Sixth Edition (2017) Residential ("Sixth Edition") went into effect on December 31, 2017, and was replaced by the Seventh Edition on December 31, 2020.[1] (Docs. 45-7, 45-8).

Eco Marine performed the removal and dock construction work for the project but subcontracted the electrical work to Custom Electrical. Custom Electrical performed the electrical work, including the installation of a shore

---

[1] Fla. Stat. § 553.73(4)(b)(7)(a) sets forth a procedure that requires the Florida Building Code to be updated every three years by reviewing the most current updates of other codes, including the National Electrical Code.

power circuit breaker on the dock. A standard 50-amp circuit breaker was installed for the shore power.[2] But the circuit breaker lacked ground fault protection.[3] On October 19, 2021, Lee County indicated that the dock project passed its "final electric" inspection. (Doc. 45-6 at 8, 25).

On or about February 17, 2023, McMillin's yacht caught fire while moored to a dock behind his residence. The yacht was deemed a constructive total loss, and the Plaintiff paid McMillin $1,800,000.00. Plaintiff asserts that Defendants, who constructed McMillin's dock, violated the Florida Building Code by failing to install compliant circuit breakers, which caused the fire that destroyed the yacht. Plaintiff seeks to recoup the payments it made to McMillin from Defendants, as well as $49,227.00 for towing services.

In Plaintiff's view, Defendants' failure to install a circuit breaker with ground fault protection is a breach of the dock construction contract and entitles them to relief. Plaintiff alleges breach of contract (Count I), breach of the contractual warranty of workmanlike and substantial manner (Count II), breach of warranty of workmanlike and substantial performance (Count III), and Violation of Fla. Stat. § 553.84 (Counts IV & V). Counts I–IV of the

---

[2] An "amp" refers to an ampere, a standard unit of measurement for electrical currents.
[3] Ground fault protection devices detect electrical current leakage from power sources and interrupt power to prevent electrical shock and fire hazards from occurring.

Amended Complaint are alleged against Eco Marine and Count V is alleged against Custom Electrical.

## Legal Standard

Summary judgment is appropriate only when the court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law on the applicable claims. Fed. R. Civ. P. 56(c). The initial burden falls on the movant, who must identify evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

In reviewing a motion for summary judgment, the court views the evidence and all reasonable inferences drawn from it in the light most favorable to the non-movant. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). But "[a] court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson Cty. Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996). "The court need consider only the cited materials"

when resolving a motion for summary judgment. Fed. R. Civ. P. 56(c)(3); *see also HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 703 F. App'x 814, 817 (11th Cir. 2017) ("This rule was implemented so that a court may decide a motion for summary judgment without undertaking an independent search of the record." (quotation omitted)).

## Analysis

The Court begins with Plaintiff's Breach of Contract claim.[4] The dock construction contract required Eco Marine to comply with all applicable building codes. Plaintiff maintains Eco Marine failed to comply with the Seventh Edition of the Florida Building Code, which requires ground fault protection on circuit breakers for all docks, including single-family dwellings. (Doc. 46 at 6). Eco Marine responds that it complied with the Sixth Edition of the Florida Building Code which does not require ground fault protection for docks on single-family residences.[5] Simply put, resolving this dispute turns on which version of the code is applied. The Court agrees with Defendants that the Sixth Edition governs the present dispute, which negates Plaintiff's claims.

---

[4] Under Florida law, the elements of a breach of contract claim are: "(1) a valid contract; (2) a material breach; and (3) damages." *Hartford Steam Boiler Inspection & Ins. Co. v. Brickellhouse Condo. Ass'n, Inc.*, No. 16-CV-22236, 2016 WL 5661636, at *2 (S.D. Fla. Sept. 30, 2016) (quoting *Friedman v. N.Y. Life Ins. Co.*, 985 So.2d 56, 58 (Fla. Dist. Ct. App. 2008)).

[5] Custom Electrical makes the identical argument as to the claim brought against it.

The building code Defendants are required to follow is the code in effect at the time of the permit application for the project, not when the permit was issued or when the project was completed:

> For a building permit for which an application is submitted prior to the effective date of the Florida Building Code, the state minimum building code in effect in the permitting jurisdiction on the **date of the application governs the permitted work for the life of the permit** and any extension granted to the permit.

Fla. Stat. § 553.73(6) (emphasis added). Eco Marine submitted its permit application on December 16, 2020. (Doc. 45-4). At that time, the Sixth Edition was in effect. (Docs. 45 at 5; 45-6 at 6). The Sixth Edition incorporates the 2014 edition of the National Electric Code which does not require docking facilities for single-family dwellings to have circuit breakers with ground fault protection. (Docs. 45-7 at 4; 45-9 at 2).

The undisputed facts demonstrate summary judgment is warranted. At the time Eco Marine submitted its permit application, the Sixth Edition was in effect, not the Seventh.[6] Because the Sixth Edition applied to the project, no ground fault protection was mandated for the circuit breaker. Because Eco Marine complied with the applicable building codes, it did not breach the dock

---

[6] Documentation and testimony from permitting officials supports Eco Marine's interpretation as well. The dock permit Eco Marine obtained stated that the Sixth Edition applied (Doc. 45-10 at 2) and the Lee County Supervisor of Electrical Inspectors testified that the 2014 National Electrical Code governed the inspection of the dock. (Doc. 45-6 at 7–8).

construction contract. The Court grants summary judgment for Eco Marine on Count I.

Plaintiff's breach of warranty claims against Eco Marine fail for the same reasons as its breach of contract claim. These claims are sparsely pled in the Amended Complaint and serve only as alternative vehicles for the same theory as Plaintiff's breach of contract claim. Count II asserts a breach of warranty based on Eco Marine's contractual obligation to "complete the Project in the most workmanlike and substantial manner." (Doc. 45-1 at 2). Count III alleges breach of implied warranty based on Eco Marine's supposed "fail[ure] to comply with all local codes, laws, ordinances and regulations." (Doc. 36 ¶ 27). However, as previously discussed, the Defendants complied with the applicable building code. And Plaintiff offers no argument as to how these claims could proceed if Defendants complied with the dock construction contract's terms. The Court grants summary judgment for Eco Marine as to Counts II and III as well.

The Court finally addresses Plaintiff's § 553.84 claims against Eco Marine and Custom Electrical.[7] The statute provides:

> **Statutory civil action**.—Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, **damaged as a result of a violation of this part or the**

---

[7] The Court notes Eco Marine disputes whether Plaintiff's statutory claim may be brought against it. The Court assumes without deciding that the claim may be brought against Eco Marine as well as Custom Electrical, as it does not alter the analysis.

> **Florida Building Code**, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation; however, if the person or party obtains the required building permits and any local government or public agency with authority to enforce the Florida Building Code approves the plans, if the construction project passes all required inspections under the code, and if there is no personal injury or damage to property other than the property that is the subject of the permits, plans, and inspections, this section does not apply unless the person or party knew or should have known that the violation existed.

Fla. Stat. § 553.84 (emphasis added).

The plaintiff offers a narrow interpretation of § 553.84 to argue that it allows them to maintain a cause of action. Essentially, Plaintiff contends the 2021 version of § 553.84 applies to this case because that was when the dock permit was issued. (Doc. 46 at 13) (citing *Scherer v. Villas Del Verde Homeowners Ass'n*, 55 So. 3d 602 (Fla. Dist. Ct. App. 2011)). So, Plaintiff says, the statute imports the Seventh Edition as the applicable standard because it was in effect in 2021. And therefore Defendants violated § 553.84 by installing a circuit breaker without ground fault protection.

Plaintiff's argument is meritless. As the Court previously noted, § 553.73(6) provides that the code in effect on the date the building permit application is submitted governs the project for "the life of the permit." *See supra* at 6. Plaintiff offers no argument for why the Court should ignore that section. Nor can it. Florida law is clear that statutes must be read in a manner that harmonizes their provisions; litigants may not selectively apply or

8

disregard disfavored provisions. *See, e.g.*, *Heart of Adoptions, Inc. v. J.A.*, 963 So. 2d 189, 199 (Fla. 2007) ("[r]elated statutory provisions must be read together to achieve a consistent whole, and . . . where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.") (quotation omitted). And the *Scherer* case Plaintiff cites in passing does not address this dispute whatsoever.

Reading §§ 553.73(6) and 553.84 together, it is clear what the Florida legislature intended. The version of the Florida Building Code that applies to a project is the one in effect at the time an application is submitted. And the version that governs at the time a building permit application is submitted governs even when the building code is updated during the construction process. This reading is consistent with the statutory language and makes sense. So the Court rejects Plaintiff's argument that Defendants violated the building code and therefore are liable under § 553.84.

The Court turns to Plaintiff's final argument that Defendants are liable under § 553.84 even if they complied with the applicable building code. Plaintiff suggests that compliance with the building codes is no defense because the fire damaged "other property" apart from the dock itself—the yacht. (Doc. 46 at 15–16). Again, Plaintiff ignores plain statutory language. The safe harbor provisions Plaintiff discusses may be asserted by the builder

9

*where a building code violation occurs.* That is, the defense only comes into play if the Florida Building Code or a provision of chapter 553 of the Florida code is violated. *See Gazzara v. Pulte Home Corp.*, No. 616CV657ORL31TBS, 2017 WL 1331364, at *2 (M.D. Fla. Apr. 11, 2017) (discussing the cause of action under § 553.84). And § 553.84 states a plaintiff can bring an action when the safe harbor provisions are satisfied if "the person or party knew or should have known that the violation existed." That language only makes sense if there is a finding *ex ante* that a violation of the building code occurred. But Defendants did not commit a violation of the Florida Building Code, so Plaintiff cannot assert a § 553.84 claim.

In sum, § 553.84 "provides relief for a person whose home has been built in violation of the building code, notwithstanding any other remedies available." *Anderson v. Taylor Morrison of Fla., Inc.*, 223 So. 3d 1088, 1091 (Fla. Dist. Ct. App. 2017) (cleaned up). But Defendants did not violate the building code. So the necessary precursor to a cause of action under § 553.84 is lacking, and Plaintiff's claims fail. The Court grants summary judgment for Defendants as to Counts IV and V.

## Conclusion

Plaintiff's claims rise and fall based on which version of the Florida Building Code applies. The code in effect at the time of Eco Marine's application, the Sixth Edition, did not require a ground fault-protected circuit

10

breaker. Therefore Defendants did not violate the Florida Building Code. So Plaintiff's claims are extinguished.

Accordingly, it is

**ORDERED:**

1. Defendant Eco Marine Solutions LLC's Motion for Summary Judgment (Doc. 45) and Defendant Custom Electrical Inc.'s Motion for Summary Judgment (Doc. 47) are **GRANTED**.

2. Plaintiff AIG Property Casualty Insurance Company's Partial Motion for Summary Judgment (Doc. 46) is **DENIED**.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment for Defendants, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record